IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

# CASE NO. : 24-13232

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

Richard Brillhart

Defendant-Appellant.

_____

A DIRECT APPEAL OF A CRIMINAL CASE FROM THE UNITED STATES

DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

_____

**<u>DEFENDANT-APPELANT'S</u>**

**<u>INITIAL BRIEF ON THE MERITS</u>**

__*(S) Roger Azcona*_____

Roger Azcona, Esq.

Law Office of Roger Azcona

Florida Bar No.: 27453

403 NW 3rd Street

Okeechobee, Florida 34972

Tel.: (863)763-4166

Email: azconalaw@gmail.com

*Counsel for Defendant-Appellant*

# CERTIFICATE OF INTERESTED PERSONS AND
# CORPORATE DISCLOSURE STATEMENT

*United States v. Brillhart*, Case No. 24-13232

Pursuant to Rule 26.1 of the Federal Rules of Appellate procedure and Rule 26.1-2 of the Eleventh Circuit Rules, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case:

1. Azcona, Roger - (Counsel for Defendant-Appellant)

2. Bray, Vonni – Court Reporter for the Middle District of Florida, Ft. Myers Division.

3. Brillhart, Richard – Defendant in custody.

4. Carl A. Johnston—former defense counsel for Defendant.

5. Casas, Jesus M.—United States Attorney's Office, Ft. Myers Division

6. Chappell, Sheri Polster – 11th Circuit Judge, Middle District of Florida, Ft. Myers Division.

7. Davidow, Joseph – former defense counsel, 9015 Strada Stell Ct, Suite 106, Naples, Florida 49109-4373

8. Douglas Molloy—United States Attorney's Office, Ft. Myers Division

9. Foxall, Roy W. – former defense counsel, 2429 First Street., Ft. Myers, FL 33901.

10. Leehman, Michael V.—United States Attorney's Office, Ft. Myers Division

11. McCoy, Mac – 11th Circuit Magistrate Judge, Middle District of Florida, Ft. Myers Division.

12. Miller, Landon – former defense counsel, 2335 Stanford Court, Suite 502, Naples, FL 34112.

13. Mizell, Nicholas – 11th Circuit Magistrate Judge, Middle District of Florida, Ft. Myers Division.

14. Nebesky, Suzanne – US Attorney's Office, 400 Tampa Street, Tampa, FL 33602-4798.

15. Raikes, Stacey - Court Reporter for the Middle District of Florida, Fort Myers Division.

16. Steele, John E.—11th Circuit Judge, Middle District of Florida, Ft. Myers Division.

17. Viacava, Yolande – US Attorney's Office – 2110 First Street, Fort Myers, FL 33901.

# CERTIFICATE OF COMPLIANCE WITH RULE 26.1-3

I hereby certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

_(S) Roger Azcona_____

Roger Azcona, Esq.

Counsel for Defendant-Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant Richard Brillhart believes that oral argument would substantially assist the Court in resolving the issues raised on appeal and accordingly request oral argument.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS……………………………C-1, 2

CERTIFICATE OF COMPLIANCE…………………………………………C-3

STATEMENT REGARDING ORAL ARGUMENT………………………i

TABLE OF CONTENTS……………………………………………………ii - iii

TABLE OF CITATIONS…………………………………………………...iv - v

STATEMENT OF JURISDICTION………………………………………vi

STATEMENT OF THE ISSUE...…………………………………………..1

STATEMENT OF THE CASE………………………………………………..2

STATEMENT OF THE FACTS……………………………………………3 - 4

SUMMARY OF THE ARGUMENT...…………………………………...5

ARGUMENT AND CITATIONS OF AUTHORITY……………………….6 - 12

I.      THE APPELLANT SHOULD BE RESENTENCED IN LIGHT OF

        AMENDMENT 821 OF THE SENTENCING GUIDELINES.


II.     THE DISTRICT COURT FAILED TO ALLOW THE APPELLANT

        TO ALLOCUTE FOR HIS SUPERVISED RELEASE VIOLATION

        REQUIRES REVERSAL AND RESENTENCING.

III.   THE DISTRICT COURT IMPOSED A SUBSTANTIVELY

UNREASONABLE SENTENCE WHEN IT SENTENCED THE

DEFENDANT TO  24 MONTHS.

ARGUMENT I……………………………………………………….5

    Standard of Review……………………………………………5

    Argument on the Merits……………………………………6 - 7

ARGUMENT II……………………………………………………8

    Standard of Review……………………………………………8

    Argument on the Merits…………………………………….8 - 10

ARGUMENT III…………………………………………………..11

    Standard of Review…………………………………………11

    Argument on the Merits……………………………………12

CONCLUSION……………………………………………………13

CERTIFICATE OF SERVICE…………………………………..14

CERTIFICATE OF COMPLIANCE……………………………14

# TABLE OF CITATIONS

**Cases:**

US v. Russell, Appeal No: 20-13286 (11th Cir 2021)

US v. Gill, Appeal No: 22-12653 (11th Cir 2022)

US v. Gonzalez, Appeal No: 23-11362 (11th Cir 2023)

US v. Cortes, 24-12354 (11th Cir. Mar 14, 2025)

US v. Webb, 565 F.3d 789 (11th Cir. 2009)

US v. Harris, 5:22-cr-29-GAP-PRL (M.D. Fla. Jun 20, 2024)

US v. Frazier, 26 F.3d 110 (11th Cir. 1994)

US v. Vandergrift, 754 F.3d 1303 (11th Cir. 2014).

US v. Carruth, 528 F.3d 845, 846 (11th Cir. 2008).

US v. Perez, 661 F.3d 568, 584 (11th Cir. 2011)

Gordon v. US, 518 F.3d 1291 (11th Cir.2008)

US v. Prouty, 303 F.3d 1249 (11th Cir.2002)

US v. Booker, 53 US 220(2005)

Gall v. US, 552 US 38 (2007)

US v. Dowell, 771 F.3d 162 (4th Cir 2014)

US v. Shortt, 485 F.3d 243 (4th Cir. 2007)

**Other Authority:**

28 U.S.C. § 1291

18 U.S.C § 3231

18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3553(a)

<u>18 U.S.C. § 3742</u>

# STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this federal criminal prosecution 18 U.S.C § 3231. On October 2, 2024, the district court entered judgment. (Doc. 195). Mr. Richard Brillhart filed a timely Notice of Appeal on October 3, 2024. (Doc. 196). This Court has appellate jurisdiction. 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

I.     Should the Appellant be resentenced in light of Amendment 821 of the

       Sentencing Guidelines?

II.    Did the District Court fail to allow the appellant to allocate for his

       supervised release and requiring a reversal and resentencing?

III.   Did the district court err in considering §3553 factors and imposing an

       unreasonable sentence?

## STATEMENT OF THE CASE

### A. Course of proceedings and Disposition

On or about October 29, 2003, the defendant was indicted on three counts of Felony Sexual Exploitation of Minors (Doc 12) and was sentenced to 240 months incarceration with supervised release for life (Doc 57) on September 28, 2004, on Count 2 of the indictment.

On May 20, 2022, the defendant was arrested based on a Petition for Violation of Supervised Release. (Doc 149)

On September 30, 2024, at the Final Supervised Release Revocation Hearing, the defendant was sentenced to 24 months to run consecutively to his sentence imposed his other case 2:22-cr-53. (Doc 195)

## B. **Statement (Summary) of the Facts**

Mr. Brillhart was released from the Bureau of Prisons' custody on October 30, 2020, and began his life term of federal supervised release and lifetime registered sexual offender from his conviction on September 27, 2004, in the United States District Court for the Middle District of Florida, Fort Myers Division, of Possession of Materials Involving Sexual Exploitation of Minors.

On April 15, 2021, the National Center for Missing and Exploited Children (NCMEC) received a CyberTipline Report from Yahoo!, indicating a Yahoo! account subscriber, later identified as Brillhart, uploaded multiple images of child sexual abuse material (CSAM). On September 1, 2021, a special agent with HSI obtained a search warrant for Brillhart's residence at 5446 10th Avenue in Fort Myers, Florida, his 2004 Cadillac vehicle. On September 8, 2021, during a search of Brillhart's residence, agents located and seized his Alcatel cellular phone from the bedroom and two additional cellular phones inside a plastic tote on the top shelf of the bedroom closet. A forensic examination of the Alcatel cellular phone's 16 Gigabyte SD card revealed 49 videos and 65 images depicting CSAM.

On February 7, 2024, a jury found Mr. Brillhart guilty of both counts of the indictment in case 2:22-cr-53. At his sentencing on both cases, including the Supervised Release Revocation sentencing on September 30, 2024, the court sentenced Mr. Brillhart to a term of 24 months to run consecutively to his sentence on 2:22-cr-53 of 480-months imprisonment. He is incarcerated in a federal institution and now seeks appellate review of the issues outlined in this brief and his judgement and sentence.

# SUMMARY OF THE ARGUMENT

## ARGUMENT- I

# THE APPELLANT SHOULD BE RESENTENCED IN LIGHT OF AMENDMENT 821 OF THE SENTENCING GUIDELINES.

### A. Standard of Review

In the Eleventh Circuit, the standard of review for reducing a sentence under Amendment 821 is primarily governed by 18 U.S.C. § 3582(c)(2). The courts apply a two-step process to determine whether a sentence reduction is appropriate. This involves first recalculating the guideline range under the amended guidelines and then considering the factors set forth in 18 U.S.C. § 3553(a) to decide if a reduction is warranted. The standard of review for a district court's decision on a motion for sentence reduction is for abuse of discretion, while legal conclusions are reviewed de novo. In _United States v. Cortes_, 24-12354 (11th Cir. Mar 14, 2025), the court outlines the standard of review for reducing a sentence under Amendment 821. The court reviews a district court's denial of a motion for a

sentence reduction for abuse of discretion, referencing the precedent set in *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009). The court discusses the retroactive application of Amendment 821 and the criteria for sentence reduction, which includes a decrease in offense level if the defendant meets specific criteria. In *United States v. Harris*, 5:22-cr-29-GAP-PRL (M.D. Fla. Jun 20, 2024), the court describes the two-step process required by 18 U.S.C. § 3582(c)(2) for sentence reductions. The court must first determine if a retroactive amendment lowered the defendant's guideline range and if a reduction is consistent with policy statements. Then, the court considers the § 3553(a) factors to decide on exercising discretion for a sentence reduction.

### B. Argument on the Merits

At the time of sentencing, the court announced the defendant's criminal history category was IV with a supervised release guideline violation of 12-18 months. (Doc 245, page 5, line 7-12 at 2:22-cr-53) The application of Amendment 821 would reduce the defendant's criminal category to III with a guideline range of 8-14 months under category B. In exercising its discretion, the trial court failed to

recognize Mr. Brillhart's existing mental illness under 18 USC 3553(a)(1), having been previously diagnosed with "BI-POLAR 1 DISORDER" with "impaired judgement regarding everyday activity and Social situations." This is evidenced by the court's failure to grant the defendant's motion for psychological and psychosexual evaluation for sentencing purposes when there is "reasonable cause to believe" that the defendant may be suffering from a mental disease or defect affecting their competency, or whether the court "desires more information than is otherwise available" to determine the appropriate sentence.

# ARGUMENT – II

## THE DISTRICT COURT FAILED TO ALLOW THE APPELLANT TO ALLOCUTE FOR HIS SUPERVISED RELEASE VIOLATION, WHICH REQUIRES REVERSAL AND RESENTENCING.

**Standards of Review**

In *US vs. Gonzalez*, Appeal No. 23-11362 (11th Cir 2023), the court reviews a district court's revocation of supervised release for abuse of discretion. *United States v. Frazier,* 26 F.3d 110, 112 (11th Cir. 1994). Because Gonzalez did not clearly object to the court's failure to extend to him his right to allocute, we review that issue for plain error. See *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

**Argument on the Merits**

At the time of sentencing, the court decided to sentence Mr. Brillhart for both his cases; 2:22-cr-53 and 2:03-cr-121(Doc 245, page 4, line 16 of 2:22-cr-53). After defense counsel made his downward departure/variance arguments, the court asked

the defendant if he "wanted to say anything to the court". (Doc 245, page 54, line 4

of 2:22-cr-53) At this time, the defendant addressed the court. (Doc 245, page 54-

60). Even though Mr. Brillhart did address the court, the court failed to ask the

defendant whether he wishes to allocute prior to his sentencing on his revocation of

supervised release. In *US vs. Gonzalez*, Appeal No. 23-11362 (11th Cir 2023), the

court stated, "before imposing [a] sentence" a district court must "address the

defendant personally in order to permit the defendant to speak or present any

information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). This right,

called the right of allocution, is ancient; a court's failure to extend that right to the

defendant constitutes plain error. *United States v. Carruth*, 528 F.3d 845, 846 (11th

Cir. 2008). Even if a defendant's counsel declines on the defendant's be half, a

district court must still ask the defendant personally whether he wishes to allocute.

*United States v. Perez*, 661 F.3d 568, 584 (11th Cir. 2011) (citing *Gordon v. United

States*, 518 F.3d 1291, 1299 (11th Cir.2008); *United States v. Prouty*, 303 F.3d

1249, 1251 n. 1 (11th Cir.2002)). We have held that when "the defendant was not

afforded the opportunity to allocute and the court did not impose the lowest

sentence under the guidelines," we presume prejudice and manifest injustice under

the plain-error standard and must vacate the sentence. See *Prouty*,

303 F.3d at 1252–53. Similarly, in _US v. Gill_, Appeal No. 22-12653 (11th Cir 2022),

the court vacated the defendant's sentence and remanded to the District Court for

failing to address him directly and provide him with an opportunity to allocate.

Also, in _US v. Russell_, Appeal No. 20-13286 (11th Cir 2021), the court stated, we

presume that failure to address the defendant personally affects the defendant's

substantial rights whenever the possibility of a lower sentence exists. Perez, 661

F.3d at 586.  In Mr. Brillhart's case, because he did not receive the bottom of the

guideline range, then there is a presumption of prejudice and manifest injustice

requiring the sentence be vacated.

# ARGUMENT – III

## THE DISTRICT COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE WHEN IT SENTENCED THE DEFENDANT TO  24 MONTHS.

**Standards of Review**

 In the Eleventh Circuit appellate court reviews the district court's findings of fact for clear error and applies a deferential abuse-of-discretion standard to the district court's application of the sentencing guidelines and the reasonableness of the sentence as established by the Supreme Court in cases such as *United States v. Booker,*53 US 220(2005) and *Gall v. United States*, 552 US 38 (2007), under 18 U.S.C. § 3742. A court of appeals should give due regard to the district court's opportunity to judge the credibility of witnesses and should accept the district court's findings of fact unless they are clearly erroneous. The appellate court must determine whether a sentence is procedurally and substantively reasonable using a deferential abuse-of-discretion standard. This standard involves reviewing the district court's factual findings under a clearly erroneous standard and assessing the overall reasonableness of the sentence for abuse of discretion.

## Argument on the Merits

 The defense argues the trial court committed abused its discretion when it sentenced the defendant to 24 months because the trial court failed to allow him to allocute prior to being sentenced on his violation of supervised release. The court also failed to apply 18 USC 3553(a) sentencing factors which support a downward variance for Mr. Brillhart as argued in his Sentencing Memorandum (Doc.233 at 2:22-cr-53). Among others cited in his memorandum, the court failed to consider Mr. Brillhart's existing mental illness under 18 USC 3553(a)(1), having been previously diagnosed with "BI-POLAR 1 DISORDER" with "impaired judgement regarding everyday activity and Social situations." This is evidenced by the court's failure to grant the defendant's motion for psychological and psychosexual evaluation for sentencing purposes. In sum, a "sentence that does not serve the announced purpose of §3553(a)(2) is unreasonable." *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir 2014) (quoting *United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007). This case involves a sentence that is "greater than necessary" to comply with the statutory goals of sentencing under 18 U.S.C. §3553(a). Mr. Brillhart respectfully requests that the court vacate his judgment and remand for re-sentencing consistent with some or all the reasons argued in this appeal.

## CONCLUSION

Based upon the foregoing facts, arguments, and legal authority, Defendant-Appellant, Mr. Brillhart, respectfully requests that this Honorable Court vacate the judgment and sentence, and remand the case for resentencing to allow the defendant an allocution prior to being sentenced on his revocation of supervised release, be given adequate consideration of all §3553 factors, and consider an Amendment 821 reduction.

Dated this __27__ day of March, 2025.

Respectfully submitted,

_____(S) Roger Azcona_____

Roger Azcona, Esq.
Law Office of Roger Azcona
Florida Bar No.: 27453
403 NW 3rd Street
Okeechobee, Florida 34972
Tel.: (863)763-4166
Email: azconalaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __27__ day of March, 2025, I served all parties of record via CM/ECF.

_(S) Roger Azcona_

Roger Azcona, Esq.

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing brief is typed in Times New Roman style with a 14-point pitch and complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), and it contains 9506 words.

_(S) Roger Azcona_

Roger Azcona, Esq.